# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DON ALTON HARPER,**

    **Plaintiff,**

    v.                                          CASE NO. 17-3088-SAC-DJW

**UNITED STATES ATTORNEY GENERAL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a *pro se* prisoner in federal custody, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a Complaint (Doc. 1), alleging that his jail credit was improperly calculated, thereby depriving him of early release. Plaintiff also claims that he was improperly sentenced.

Plaintiff's claims are not properly brought under 42 U.S.C. § 1983. Plaintiff's claim regarding the calculation of his sentence must be brought pursuant to 28 U.S.C. § 2241. A petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012).

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. Under the administrative remedy program for inmates, an inmate is required to first attempt informal resolution of the complaint, and if unsuccessful, he must raise

his complaint, with the informal resolution attached, to the Warden of the institution where he is confined. If dissatisfied with that response, he may appeal his complaint to the Regional Director. If the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the National Inmate Appeals Administrator in the Office of the General Counsel in Washington, D.C. ("Central Office"). Generally, an inmate has not exhausted his remedies until he has sought review and received a final substantive response at all three levels. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (finding that exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)") (citation omitted).

The attachments to Plaintiff's Complaint show that his appeal to the Central Office was rejected because he did not provide of copy of his institution administrative remedy request/response from the warden. (Doc. 1, at 10.) The Rejection Notice provides that Plaintiff may resubmit his appeal in proper form within 15 days of the December 12, 2016 Rejection Notice. *Id*. The Complaint does not reflect that Plaintiff resubmitted his appeal to the Central Office. Plaintiff must receive a final substantive response at all three levels. Plaintiff shall show cause why his § 2241 claim should not be dismissed for failure to exhaust administrative remedies.

The Court dismisses Plaintiff's claim that he was improperly sentenced. Section 2255 is his sole remedy for challenging his convictions. Plaintiff has a history of seeking to overturn his conviction by improper means and without adhering to the statutory provisions governing second and successive § 2255 motions. This Court has previously held that:

> Over the years, Mr. Harper has made many attempts to challenge his convictions, and has been repeatedly and plainly advised by courts that his sole remedy for those challenges is a motion pursuant to 28 U.S.C. § 2255. Even though his many attempts

> were often not styled as § 2255 motions, they were eventually construed as such. After his filing of seven such motions and a warning by the Circuit that future frivolous motions would lead to sanctions, he was sanctioned when his last appeal was denied as frivolous.

*Harper v. U.S. Attorneys Office*, Case No. 11-3122-RDR, Doc. 2–1 at 2 (July 20, 2011).

If Plaintiff intends to pursue his claim under § 2241, he must show cause why this case should not be dismissed for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that Plaintiff is granted twenty (20) days from the date of this Order to show cause why this matter should not be dismissed for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

D**ated this 16th day of June, 2017, at Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U. S. Senior District Judge**