IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DON ALTON HARPER,

      Petitioner,

      v.                             CASE NO.  17-3088-SAC

NICOLE ENGLISH, Warden,
USP-Leavenworth,

      Respondent.

MEMORANDUM AND ORDER

Petitioner, a *pro se* prisoner in federal custody, challenges the calculation of his federal sentence under 28 U.S.C. § 2241.  The Court issued an Order to Show Cause (Doc. 7), Respondent filed an Answer and Return (Doc. 12), Petitioner filed a Traverse (Docs. 10, 13), and the matter is ready for resolution.  The Court finds that Petitioner does not allege facts establishing a federal constitutional violation and denies relief.

I. **Background**

Petitioner is incarcerated with the Federal Bureau of Prisons ("BOP"), and is currently designated for service of his federal sentence at the Residential Reentry Center ("RRC") GEO Reentry, Inc., located in Leavenworth, Kansas.[1]  Petitioner was sentenced in the District of Kansas on March 28, 1994, and is serving an aggregate 341-month term of imprisonment for Bank Robbery in violation of 18 U.S.C. § 2113 and Use and Carry of a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c).  (Doc. 12–1, at 19–20.)

---

[1]  Respondent notes that Melissa Acevedo, the Residential Reentry Manager for the Kansas City Residential Reentry Office, is the proper respondent for this habeas petition.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 439–42 (2004) (warden of the facility in which an inmate is incarcerated is the "immediate custodian" and the proper respondent to a § 2241 habeas petition).

Petitioner has a projected release date of January 16, 2018, via good conduct time release.   *Id.* at 18.

## II. Facts

On February 2, 1993, Petitioner was arrested by the Federal Bureau of Investigation in Denver, Colorado, for bank robbery, and subsequently stood trial in the Western District of Missouri.[2]  On November 16, 1993, Petitioner was found not guilty and the Western District of Missouri entered a judgment of acquittal on November 22, 1993.  *United States v. Tyler, et al.*, 4:92–cr–00196–DBB–2 (W.D. Mo.); Doc. 12–1, at 88.

On November 16, 1993, the USMS relinquished custody of Petitioner to the District of Kansas pursuant to an indictment issued in *United States v. Harper*, 2:93–cr–20069–JWL–01 (D. Kan.).  (Doc. 12–1, at 91.)  Petitioner remained in continuous federal custody for both his Missouri and Kansas federal cases.

The jury in Petitioner's Kansas federal case found him guilty of Bank Robbery, and Use and Carry of a Firearm During the Commission of a Crime of Violence on March 28, 1994.  *See* Doc. 12–1, at 94.  Petitioner was sentenced to a 341-month aggregate term of imprisonment.  *Id.* at 96.  On June 26, 1995, after filing multiple appeals, Petitioner was re-sentenced in his Kansas federal case, and was again sentenced to a 341-month aggregate sentence.  *Id.* at 101–02.

## III. Discussion

### 1. Exhaustion

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241.  *Williams v. O'Brien*, 792 F.2d

---

[2]  The United States Marshals Service ("USMS") tracking form indicates Petitioner was arrested on February 3, 1993.  (Doc. 12–1, at 70.)  Nevertheless, the BOP calculated Petitioner's sentence relying on the Presentence Investigation Report ("PSR"), indicating Petitioner was arrested on February 2, 1993, thereby crediting Petitioner with an additional day of service toward his sentence.  *Id.* at 5.

986, 987 (10th Cir. 1986) (per curiam).  The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542.   Respondent acknowledges that Petitioner has exhausted his administrative remedies with respect to the issues presented in his Petition.  (Doc. 12, at 4; Doc. 12–1, at 3.)

### 2.  Standard of Review

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S. C. § 2241(c)(3).

### 3.  Sentence Computation

Petitioner alleges that the BOP improperly calculated his federal sentence.  Petitioner argues that he overserved his sentence "under an 85% interpretation" under BOP Program Statement ("PS") 5100.08 because the DSCC failed "to subtract jail credit and prior jail credit from the full term date."  Presumably, Petitioner is referring to Chapter 4, Page 6, of PS 5100.08, which describes how to enter information in the Security Designation Data section of the Inmate Load and Security Designation form (BP-337).   Under "Months to Release," the following is stated:  "Based on the inmate's sentence(s), enter the total number of months remaining, less 15% (for sentences over 12 months), and credit for any jail time served."  PS 5100.08, Ch. 4, P. 6 (9/12/2006).  The "months to release" calculation set forth in PS 5100.08 reflects only an "*estimated* number of months the inmate is *expected* to be incarcerated."  *Id*. (emphasis added).

PS 5100.08 pertains to the security and classification of inmates, not to the computation of sentences or Good Conduct Time ("GCT").  *See id*. at 1 ("This Program Statement provides policy and procedure regarding the Bureau of Prisons inmate classification system"); *Peterson v. Drew*, No. 2:08cv40–SRW (WO), 2009 WL 4067794, at *2 (M.D. Ala. Nov. 23, 2009) ("PS 5100.08 pertains to the security and classification of inmates, not to the calculation of

sentences."); *Crawford v. Reese*, No. 5:07–CV–140–DCG–MTP, 2009 WL 2019104, at *2 (S.D. Miss. June 29, 2009); *La Gatta v. Berkebile*, No. 3–07–CV–1519–P, 2008 WL 682385, at *2 (N.D. Tex. Mar. 6, 2008) (holding that PS 5100.07, predecessor to 5100.08, "is to assist prison officials in classifying inmates for security purposes," and "does not apply to the calculation of good conduct time"); *Perez v. Lindsay*, No. 1:CV–05–2045, 2006 WL 2882966, at *2–3 (M.D. Pa. Oct. 6, 2006) (holding that both PS 5100.08 and PS 5100.07 are unrelated to the calculation of GCT).

### a. Prior Custody Credit

In accordance with statute, the BOP determines the date a federal sentence commences as the date in which "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The earliest time a sentence can commence is the date of imposition of the federal sentence. *See Isles v. Chester*, Case No. 08-3028-RDR, 2009 WL 1010553, at *4 (D. Kan. April 15, 2009) (citing *DeMartino v. Thompson*, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) ("Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")). The BOP determined that Petitioner's federal sentence commenced on March 28, 1994, the date of imposition of his federal sentence.

Prior custody credit is provided for in Section 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

4

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner received 419 days of prior custody credit, for time spent in federal custody from February 2, 1993, the date he was arrested by the USMS, to March 27, 1994, the day before his sentence in his Kansas federal case was imposed.  The BOP properly calculated Petitioner's prior custody credit.

### b. Good Conduct Time

"Federal sentencing law permits federal prison authorities to award prisoners credit against prison time as a reward for good behavior."  *Barber v. Thomas*, 560 U.S. 474, 476 (2010).  GCT is awarded in accordance with Section 3624(b), which provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b).

The BOP has interpreted § 3624(b) to authorize it to award GCT only for time actually served rather than for the length of the sentence imposed.  Program Statement 5880.28 provides that "[i]t is essential to learn that GCT is not awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served."  PS 5880.28, p. 1–48 (February 21, 1992); Doc. 12–1, at 63.

The BOP's interpretation was upheld by the Supreme Court in *Barber v. Thomas*, 560 U.S. 474 (2010).  The Supreme Court noted that the previous good time provision entitled a prisoner to a deduction from the term of his sentence beginning with the day on which the

sentence commenced to run; and provided for a forfeiture if the prisoner committed an offense or violated rules of the institution. *Id*. at 481. In contrast, the current statute "creates a system under which 'credit' is 'earned' 'at the end of' the year based on an evaluation of behavior 'during that year.'" *Id*. The Supreme Court found that the current statute reveals "a purpose to move from a system of prospective entitlement to a system of retrospective award." *Id*. The Supreme Court found that the BOP's method used to calculate GCT based on the time the prisoner actually served, rather than the length of the sentence imposed, is supported by the statute's language and furthers the statute's basic purpose. *Id*. at 480–82; *see also Wright v. Fed. Bureau of Prisons*, 451 F.3d 1231, 1234–35 (2006) (upholding BOP's interpretation and noting that the statute contemplates retrospective annual assessment of a prisoner's behavior and prisoners cannot *earn* good time credits for time they are not in prison).

While Petitioner was initially sentenced to 341 months of imprisonment on March 28, 1994, due to prior custody credit of 419 days, the end of Petitioner's first year in prison was February 1, 1994, for purposes of calculating GCT. Accordingly, as of February 2, 2017, Petitioner had served twenty-four full years of his sentence and could have earned 1,296 days of GCT (24 x 54=1296). However, since Petitioner was disallowed eighty-two days GCT, he only earned 1,214 days of GCT, thereby shortening his sentence by more than three years. *See* Doc. 12–1, at 107.

As of February 2, 2017, Petitioner had 399 days remaining on his sentence. When credit for GCT reduces the last year of the sentence to less than a full year, it is impossible to accrue the full 54 days GCT, and the amount of GCT earned is prorated by the time actually served in the last year. *See id*. at 109–114. PS 5880.28 provides a chart from which a prisoner can look up how many days remain on his sentence, which then "shows the proper combination of days

served and pro-rated GCT that, when added together, equal the days remaining." *Kikumura v. Hood*, 467 F.3d 1257, 1259–60 (10th Cir. 2006). The calculation is always .148 days of GCT for each day actually served, taking into account the BOP's method of rounding fractions. *Id.* at 1260. Because the result is readily available from the chart, the Tenth Circuit has found the calculation to be neither "deceptive [n]or fraudulent" and properly based on time actually served. *Id.*

Petitioner will earn fifty-one days of GCT for the remaining 399 days on his sentence. *See* Doc. 12–1, at 113. Petitioner will therefore only serve 348 days in the final year, making his projected release date January 16, 2018.

## IV.  Conclusion

Because PS 5100.08 pertains to the security and classification of inmates, not to the computation of sentences or GCT, Petitioner's reliance on PS 5100.08 for calculation of his sentence is misplaced. The BOP properly calculated Petitioner's prior custody credit and projected GCT. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that this petition for writ of habeas corpus is **denied**.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 7th day of November, 2017.**


**S/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**